# UNITED STATES DISTRICT COURT
for the
Southern District of Ohio

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br><br>IN THE MATTER OF THE SEARCH OF CELLULAR<br>TELEPHONE ASSIGNED<br>CALL NUMBER (937) 560-9247 | )<br>)<br>)   Case No. 3:19-mj-520<br>)<br>)<br>) |

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A

located in the _____Southern_____ District of _____Ohio_____, there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
- ☑ evidence of a crime;
- ☑ contraband, fruits of crime, or other items illegally possessed;
- ☑ property designed for use, intended for use, or used in committing a crime;
- ☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 USC 922(u) | Stealing or unlawfully taking or carrying away firearms from federal firearms licensee |

The application is based on these facts:

See Attached Affidavit

☑ Continued on the attached sheet.

☑ Delayed notice of __30__ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

Kenneth R. Pitney, Special Agent, ATF
*Printed name and title*

Sworn to before me and signed in my presence.

Date: __08/26/2019__

*Judge's signature*

City and state: Dayton, Ohio

Hon. Michael J. Newman, U.S. Magistrate Judge
*Printed name and title*

## ATTACHMENT A

### Property to Be Searched

1. The cellular telephone assigned call number **(937) 560-9247**, registered to Terry Jones (hereinafter "**Target Telephone**") whose service provider is T-Mobile/Metro PCS, a wireless telephone service provider headquartered at 3625 132nd Ave. SE, Bellevue, WA 98006.

2. Information about the location of **Target Telephone** that is within the possession, custody, or control of T-Mobile/Metro PCS.

7

## ATTACHMENT B

### Particular Things to be Seized

### I. Information to be Disclosed by the Provider

All information about the location of the **Target Telephone** described in Attachment A for a period of thirty days, during all times of day and night. "Information about the location of the **Target Telephone**" includes all available E-911 Phase II data, GPS data, latitude-longitude data, and other precise location information, as well as all data about which "cell towers" (i.e., antenna towers covering specific geographic areas) and "sectors" (i.e., faces of the towers) received a radio signal from the cellular telephone described in Attachment A.

To the extent that the information described in the previous paragraph (hereinafter, "Location Information") is within the possession, custody, or control of T-Mobile/Metro PCS, T-Mobile/Metro PCS is required to disclose the Location Information to the government. In addition, T-Mobile/Metro PCS must furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the Location Information unobtrusively and with a minimum of interference with T-Mobile/Metro PCS' services, including by initiating a signal to determine the location of the **Target Telephone** on T-Mobile/Metro PCS' network or with such other reference points as may be reasonably available, and at such intervals and times directed by the government. The government shall compensate T-Mobile/Metro PCS for reasonable expenses incurred in furnishing such facilities or assistance.

This warrant does not authorize the seizure of any tangible property. In approving this warrant, the Court finds reasonable necessity for the seizure of the Location Information. *See* 18 U.S.C. § 3103a(b)(2).

## II. Information to Be Seized by the Government

All information described above in Section I that constitutes evidence of violations of 18 U.S.C. § 922(u) involving Lucas Wayne **JACO** or Terry Scott **JONES.**

Law enforcement personnel (who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, agency personnel assisting the government in this investigation, and outside technical experts under government control) are authorized to review the records produced by the Provider in order to locate the things particularly described in this Warrant.

THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO

IN THE MATTER OF THE SEARCH OF
CELLULAR TELEPHONE ASSIGNED
CALL NUMBER (937) 560-9247

Case No. 3:19-mj-520

**Filed Under Seal**

### AFFIDAVIT IN SUPPORT OF
### AN APPLICATION FOR A SEARCH WARRANT

I, Kenneth Pitney, being first duly sworn, hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1. I make this affidavit in support of an application for a search warrant under Federal Rule of Criminal Procedure 41 and 18 U.S.C. §§ 2703(c)(1)(A) for information about the location of the cellular telephones assigned call number:

    **(937) 560-9247**, registered to a Terry Jones (hereinafter "**Target Telephone**"). The **Target Telephone**'s service provider is T-Mobile/Metro PCS, a wireless telephone service provider headquartered at 3625 132nd Ave. SE, Bellevue, WA 98006. **Target Telephone** is described herein and in Attachment A, and the location information to be seized is described herein and in Attachment B.

2. I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) since July 2013. I am a graduate of the Federal Law Enforcement Training Center's Criminal Investigator Training Program and the ATF National Academy's Special Agent Basic Training Program. Through these training programs, I received training in firearms and Federal firearm laws. During my career with ATF, your affiant has written and/or participated in numerous federal search warrants and/or arrest warrants related to the theft of

firearms from an Federal Firearms Licensee. I am aware of federal firearms laws and know that theft of a firearm from a Federal Firearms Licensee is a violation of Title 18, United States Code, Section 922(u).

3. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter. Based on the facts set forth in this affidavit, there is probable cause to believe that violations of 18 U.S.C. § 922(u) have been committed, and that they were committed by Lucas Wayne **JACO** and Terry Scott **JONES** and others known and unknown to Affiant. There is also probable cause to believe that the location information described in Attachment B will constitute evidence of these criminal violations and will lead to the identification of individuals who are engaged in the commission of these offenses.

**FACTS ESTABLISHING PROBABLE CAUSE**

4. On or about August 25, 2019 at approximately 0655 hours, a male suspect, herein after referred to as Suspect-1, made forced entry into the business, a federal firearms licensee, located at 1690 Woodman Drive, Dayton, Ohio, herein after referred to as Gun Store-1. This business is equipped with video surveillance equipment, which was functioning at the time and recorded the events. While in the business premises, at approximately 0754 hours, Suspect-1 located several firearms and then immediately made a phone call. Approximately ten minutes later, Suspect-1 was seen looking out the front door of the business as a white two-door pickup truck arrived to Gun Store-1. Suspect-1 opened the door and began transporting the firearms out of Gun Store-1 and towards the direction of the white pickup truck. Moments later a second male

2

suspect referred to herein after as Suspect-2 appeared to come from the direction of the pickup truck and assisted with removing items from Gun Store-1.

5. The owner of Gun Store-1 relayed that 18 firearms were stolen from the federal firearm licensee Gun Store-1.

6. Based off the video evidence, and my training and experience, I believe that the Suspect-1 called Suspect-2 who later arrived in the white pickup truck. I know that phone companies keep records of those calls. I believe that the record of that call will reveal the identity of both Suspect-1 and Suspect-2.

7. On August 26, 2019, ATF personnel located the suspect vehicle, a white 2003 Chevrolet Silverado bearing Ohio registration HTM9360 (the **VEHICLE**) at 5369 Middlebury Road, Dayton, Ohio 45432. ATF personnel made contact with a subject (CS1) leaving the residence. CS1 told the ATF personnel that on August 25, 2019, **JACO** returned to the residence bragging that he had just hit "the biggest lick of his life". CS1 stated that **JACO** displayed approximately fifteen (15) firearms including at least one (1) pistol, which **JACO** claimed to have just stolen. CS1 further stated that the **VEHICLE** parked in the driveway of the residence is used by **JONES**. The residence was secured and preserved so that Dayton Police Detectives could secure a search warrant. While awaiting the warrant, one of the occupants told ATF personnel that **JONES** was operating the **VEHICLE** on August 25, 2019. One of the occupants also indicated that **JACO** had the firearms stored in his room the door to which **JACO** padlocked, and that **JONES** broken into the room and took several of the firearms, leaving some shotguns behind. The current whereabouts of **JONES** and the firearms he took are unknown to this Affiant.

8. CS1 provided 937-329-3709 as **JACO's** cellphone number. A search of commercial databases revealed this number as being associated to **JACO**. An occupant of the residence provided 937-560-9247 (**Target Telephone**) as **JONES'** cellphone number.

9. A search of law enforcement databases revealed photographs of **JACO**, which strongly resemble **Suspect-1** from the video surveillance footage from the burglary. A search of law enforcement databases revealed photographs of **JONES**, which strongly resemble **Suspect-2** from the video surveillance footage from the burglary.

10. Based on my training and experience, I believe the location of the **Target Telephone** will assist agents in revealing the role played by the users of the **Target Telephone** in Gun Store-1 burglary and aid law enforcement in determining where the stolen firearms are stored.

11. Based on my training and experience, I know that T-Mobile/Metro PCS can collect cell-site data about the **Target Telephone**. T-Mobile/Metro PCS can also collect E-911 Phase II data about the location of the **Target Telephone**, including by initiating a signal to determine the location of the **Target Telephone** on T-Mobile/Metro PCS' network or with such other reference points as may be reasonably available. I know that this loscation information will assist law enforcement in identifying the users of the **Target Telephone**. Additionally, the location information may also lead law enforcement to locations at which the users of the **Target Telephone** are storing or selling stolen firearms.

## AUTHORIZATION REQUEST

12. Based on the foregoing, I request that the Court issue the proposed search warrant, pursuant to Federal Rule of Criminal Procedure 41 and 18 U.S.C. § 2703(c).

4

13. I further request, pursuant to 18 U.S.C. § 3103a(b) and Federal Rule of Criminal Procedure 41(f)(3), that the Court authorize the officer executing the warrant to delay notice until 30 days after the collection authorized by the warrant has been completed. This delay is justified because there is reasonable cause to believe that providing immediate notification of the warrant may have an adverse result, as defined in 18 U.S.C. § 2705. Providing immediate notice to the subscriber or user of the **Target Telephone** would seriously jeopardize the ongoing investigation, as such a disclosure would give that person an opportunity to destroy evidence, change patterns of behavior, notify confederates, and flee from prosecution. Moreover, to the extent that the warrant authorizes the seizure of any tangible property, any wire or electronic communication (as defined in 18 U.S.C. § 2510), or any stored wire or electronic information, there is reasonable necessity for the seizure for the reasons set forth above.

14. I further request that the Court direct T-Mobile/Metro PCS to disclose to the government any information described in Attachment B that is within the possession, custody, or control of T-Mobile/Metro PCS. I also request that the Court direct T-Mobile/Metro PCS to furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the information described in Attachment B unobtrusively and with a minimum of interference with T-Mobile/Metro PCS' services, including by initiating a signal to determine the location of the **Target Telephone** on T-Mobile/Metro PCS' network or with such other reference points as may be reasonably available, and at such intervals and times directed by the government. The government shall reasonably compensate T-Mobile/Metro PCS sfor reasonable expenses incurred in furnishing such facilities or assistance.

15. I further request that the Court authorize execution of the warrant at any time of day or night, owing to the potential need to locate the **Target Telephone** outside of daytime hours.

16. I further request that the Court order that all papers in support of this application, including the affidavit and search warrant, be sealed until further order of the Court. These documents discuss an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation. Accordingly, there is good cause to seal these documents because their premature disclosure may seriously jeopardize that investigation.

Respectfully submitted,

Kenneth R. Pitney
Special Agent
Bureau of Alcohol, Tobacco, Firearms and Explosives

Subscribed and sworn to before me on August 26, 2019, in Dayton, Ohio.

HONORABLE MICHAEL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

## ATTACHMENT A

### Property to Be Searched

1. The cellular telephone assigned call number **(937) 560-9247**, registered to Terry Jones (hereinafter "**Target Telephone**") whose service provider is T-Mobile/Metro PCS, a wireless telephone service provider headquartered at 3625 132nd Ave. SE, Bellevue, WA 98006.

2. Information about the location of **Target Telephone** that is within the possession, custody, or control of T-Mobile/Metro PCS.

## ATTACHMENT B

### Particular Things to be Seized

I. **Information to be Disclosed by the Provider**

All information about the location of the **Target Telephone** described in Attachment A for a period of thirty days, during all times of day and night. "Information about the location of the **Target Telephone**" includes all available E-911 Phase II data, GPS data, latitude-longitude data, and other precise location information, as well as all data about which "cell towers" (i.e., antenna towers covering specific geographic areas) and "sectors" (i.e., faces of the towers) received a radio signal from the cellular telephone described in Attachment A.

To the extent that the information described in the previous paragraph (hereinafter, "Location Information") is within the possession, custody, or control of T-Mobile/Metro PCS, T-Mobile/Metro PCS is required to disclose the Location Information to the government. In addition, T-Mobile/Metro PCS must furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the Location Information unobtrusively and with a minimum of interference with T-Mobile/Metro PCS' services, including by initiating a signal to determine the location of the **Target Telephone** on T-Mobile/Metro PCS' network or with such other reference points as may be reasonably available, and at such intervals and times directed by the government. The government shall compensate T-Mobile/Metro PCS for reasonable expenses incurred in furnishing such facilities or assistance.

This warrant does not authorize the seizure of any tangible property. In approving this warrant, the Court finds reasonable necessity for the seizure of the Location Information. *See* 18 U.S.C. § 3103a(b)(2).

## II. Information to Be Seized by the Government

All information described above in Section I that constitutes evidence of violations of 18 U.S.C. § 922(u) involving Lucas Wayne **JACO** or Terry Scott **JONES.**

Law enforcement personnel (who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, agency personnel assisting the government in this investigation, and outside technical experts under government control) are authorized to review the records produced by the Provider in order to locate the things particularly described in this Warrant.